UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAVONNE TUCKER, et al.,

                Plaintiffs,

-against-

INTERNATIONAL PROACTIVE SECURITY, INC.,

                Defendant.

23-cv-2946 (AS)

MEMORANDUM OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

On September 12, 2019, Plaintiffs were injured in a construction accident when their hoist allegedly dropped at a quick clip and then came to a sudden stop. On March 6, 2020, they sued various defendants in New York state court, alleging negligence and violations of state labor law. *See* State Action No. 1 Compl., Ex. A, Dkt. 16-2. On August 11, 2022, Plaintiffs learned during discovery that the hoist operators were employed by International Proactive Security Inc. (IPS). *See* Rosario Dep. at 37–38, Ex. E, Dkt. 16-6. Concerned that they would not be able to amend their complaint in the original state-court action before the statute of limitations had run, Plaintiffs brought a separate action against IPS on September 2, 2022. *See* State Action No. 2 Compl., Ex. F., Dkt. 16-7. In February of 2023, the judge in the original state-court action had Plaintiffs ask IPS to stipulate to consolidation of the two lawsuits, which Plaintiffs did. Pls.' Mem. Law at 3, Dkt. 16; Pls. Reply Mem. Law at 3-4, Dkt. 20. Instead of responding to this request, IPS removed the action against it to this Court on April 7, 2023, alleging diversity jurisdiction. *See id.*; Notice of Removal ¶ 7, Dkt. 3; *see also* Am. Notice of Removal ¶ 7, Dkt. 24. Now, Plaintiffs move to join to this action the defendants in the original state-court action. *See* Mot. for Joinder, Dkt. 16. Because doing so would destroy this Court's jurisdiction, they also move to remand this action to state court. *See id.*; Dkt. 33. Plaintiffs' motion is GRANTED.

## DISCUSSION

### A. This case was properly removed.

Before considering whether joinder and remand are proper, this Court must assure itself that it has jurisdiction. *See Jerido v. Uber Techs., Inc.*, 2022 WL 17986179, at *2–3 (S.D.N.Y. Dec. 29, 2022). It does. Plaintiffs are citizens of New York, and IPS is a citizen of New Jersey. Am. Notice of Removal ¶¶ 10–16, Dkt. 24. Thus, the parties are diverse. And Plaintiffs seek $5,000,000 and $6,000,000 in damages, respectively, amounts in excess of the amount-in-controversy requirement. *Compare* Dkt. 8-7, *with* 28 U.S.C. § 1332(a). So this Court has diversity jurisdiction, and removal was proper.

### B. Fairness favors joinder and remand.

If, after proper removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). To decide which route to take, courts first ask whether joining additional defendants is permissible under Federal Rule of Civil Procedure 20(a)(2). *See Jerido*, 2022 WL 17986179, at *4. If it is, courts conduct a "fundamental fairness analysis to ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." *Id.* (internal quotation marks and citations omitted). Here, joinder is permissible, and the relevant considerations favor joinder and remand.[1]

#### 1. Joinder is permissible.

Defendants may be joined in one action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). Joinder is "strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Plaintiffs' claims against all defendants arise out of the same occurrence—the 2019 hoist accident. *Compare* State Action No. 1 Am. Compl. ¶¶ 60–64, 76–78, Ex. B., Dkt. No. 16-3, *with* State Action No. 2 Compl. ¶¶ 12–14, 23–25, Ex. F., Dkt. 16-7. And they are seeking relief against the defendants jointly and severally. *See* Dkt. 23 at 2.

There will also clearly be at least one common question of law or fact: the state action and this one involve the same facts, causes of action, and injuries. *Compare* State Action No. 1 Am. Compl. ¶¶ 60–63, 66–72, 75–79, 82–88, Ex. B, Dkt. 16-3, *with* State Action No. 2 Compl. ¶¶ 12–15, 18–19, 22–26, 29–30, Ex. F, Dkt. 16-7. Thus, joinder is permissible.

---

[1] In the analysis below, the Court sometimes relies on Plaintiffs' factual account as to what happened in state court. IPS has not disputed those facts. We note the possibility that IPS might have simply overlooked Plaintiffs' briefing, given that at one point, IPS makes the bizarre and untrue statement that "Plaintiffs have made no arguments, or submissions in support of their remand." Def.'s Opp. Decl. at 4, Dkt. 18. Plaintiffs did file a brief and exhibits, and those filings were publicly available on the docket. *See* Dkt. 16. Plaintiffs pointed this out in their reply brief. *See* Pls. Reply Mem. Law at 1, Dkt. 20. In addition, Plaintiffs gave the same account of what occurred in state court in their letter motion for a pre-motion conference. *See* Letter Mot. at 1-2, Dkt. 12. IPS has acknowledged that letter. Def.'s Opp. Decl. at 3-4, Dkt. 18. To the extent IPS didn't review what was on the docket, that error is charged to IPS.

### 2. Remand is fair.

When deciding whether to permit diversity-destroying joinder, courts consider "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). "Diversity-destroying joinder is permitted when the[se] factors weigh in the moving party's favor." *Id.*

#### (i) There was no unreasonable delay in seeking joinder.

"Delay in seeking amendment is measured from the date of removal." *Nazario*, 295 F. Supp. 2d at 363; *see also Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 184 (E.D.N.Y. 2012). Plaintiffs sought joinder less than a month after removal. *Compare* Notice of Removal, Dkt. No. 3, *with* Letter Mot., Dkt. 12 (notifying the Court of intent to move for joinder and remand). So Plaintiffs did not delay, and this factor favors joinder and remand. *Cf. M.S.S. Const. Corp. v. Century Sur. Co.*, 2015 WL 6516861, at *7 (S.D.N.Y. Oct. 28, 2015) (three-month delay not unreasonable); *Cooper v. Trs. of Coll. of Holy Cross*, 2014 WL 2738545, at *8 (S.D.N.Y. June 17, 2014) (two months).

#### (ii) Defendant will not be prejudiced.

In assessing prejudice, courts look to "the stage of the litigation and whether joinder will force a defendant to change a litigation strategy in pursuit of which resources have already been expended." *See Aigeltinger v. Target Corp.*, 2022 WL 16941728, at *3 (N.D.N.Y. Nov. 15, 2022) (internal quotation marks and citations omitted).

Plaintiffs concede that discovery in state court is ongoing, with three parties deposed so far. *See* Pls.' Mem. Law at 10–11, Dkt. 16. But courts have not found ongoing discovery to justify denying joinder and remand. *See, e.g.*, *Aigeltinger*, 2022 WL 16941728, at *3. Indeed, courts have found even the "*completion* of discovery … insufficient to preclude joinder and remand." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 923 (S.D.N.Y. 1995) (emphasis added); *see Nazario*, 295 F. Supp. 2d at 364 (finding no prejudice even where the state action had "progressed through discovery and [would] soon be placed on the trial calendar"). Here, the state court can give IPS access to existing discovery and permit additional discovery, thus mitigating any prejudice. *See Nazario*, 295 F. Supp. 2d at 364.

IPS says that it will be prejudiced by remand because it will be "forced to abandon its litigation strategy with respect to the Federal Rules of Civil Procedure and Federal Court practices." Def.'s Opp. Decl. at 7, Dkt. 18. But even before removing or investing in a strategy, IPS understood the risks: Plaintiffs had already asked IPS to stipulate to consolidation. *See* Pls.' Mem. Law at 3, Dkt. 16; Pls. Reply Mem. Law at 3-4, Dkt. 20. In any event, IPS fails to identify any resources it has already expended in pursuit of its federal litigation strategy. *See* Def.'s Opp. Decl. ¶ 22, Dkt. 18. Rather, IPS simply complains that it will be deprived of certain perceived advantages of proceeding in federal court. *Id.* But courts have repeatedly found that the "loss of litigating in federal court does not constitute sufficient prejudice to deny joinder." *2386*

*Hempstead, Inc. v. WFG Nat'l Title Ins. Co.*, 2023 WL 2822553, at *5 (S.D.N.Y. Apr. 7, 2023). So this factor also weighs in favor of remand.

### (iii) Denial would lead to parallel lawsuits.

Joinder is also favored when denying it would risk parallel lawsuits. *Hosein v. CDL W. 45th St., LLC*, 2013 WL 4780051, at *6 (S.D.N.Y. June 12, 2013). Because a separate action in state court is pending, denying joinder here would result in two lawsuits about the same accident. That would be inefficient. *See Wyant*, 881 F. Supp. at 923. Plus, Plaintiffs say that some of the defendants in the state action might be vicariously liable for the acts and omissions of IPS. *See* Pls.' Reply Mem. Law at 2, Dkt. 20. So proceeding separately could create inconsistent judgments. *See Rivera v. Limassol Grocery, Corp.*, 2019 WL 1320339, at *4 (E.D.N.Y. Jan. 4, 2019). This factor thus weighs in favor of joinder and remand. *See Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 186 (E.D.N.Y. 2012).

### (iv) There is no improper motive for amendment.

When the other three factors favor remand, "the Court is required to remand the action to state court unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction." *See Vanderzalm*, 875 F. Supp. 2d at 188 (internal quotation marks and citation omitted). There is no evidence that Plaintiffs seek to do so here. Rather, Plaintiffs were already proceeding in state court against the parties now sought to be joined, and they sued IPS based on information that came out in discovery. *See* Rosario Dep. at 37–38, Ex. E, Dkt. 16-6 (testimony revealing that the hoist operators were employed by IPS). The motion for joinder simply seeks to consolidate the litigation concerning the hoist accident in one forum. So Plaintiffs do not seem to be seeking joinder *solely* to destroy this Court's jurisdiction.

Finally, IPS complains that Plaintiffs waited a long time before seeking to consolidate the state court case against it with the original state-court action. *See* Def.'s Opp. Decl. ¶¶ 2, 23, 25. After filing the state-court action against IPS on September 2, 2022, Plaintiffs did not ask IPS to consent to consolidation until February 2023. *See* State Action No. 2 Compl., Ex. F., Dkt. 16-7; Pls.' Mem. Law at 6, Dkt. 16. But this delay does not indicate some improper motive. Plaintiffs explain that they originally chose to file a separate action against IPS because they discovered that it was potentially implicated in the accident just as the statute of limitations was set to run. *See* Pls.' Mem. Law at 3, Dkt. 16. Apparently, Plaintiffs were concerned that a motion to amend the complaint to add IPS to the original state-court action would not be granted in time. Whether that concern was warranted or not, it at least suggests an innocent motivation. And even though Plaintiffs sued IPS in September of 2022, IPS did not appear until it answered on January 30, 2023. *See* Dkt. 23. Plaintiffs asked IPS to consent to consolidation less than a month later, suggesting no inappropriate delay or improper motive. Thus, all four factors weigh in favor of joinder and remand.

**3. Costs are not warranted.**

IPS says that if the motion to join and remand is granted, Plaintiff should pay IPS's costs associated with removal and this motion. *See* Def.'s Opp. Decl. ¶ 17, Dkt. 18. However, IPS provides the Court with no authority that supports its request for costs under these circumstances. Given the facts as discussed above, the Court does not see a basis to shift costs to Plaintiffs here.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for remand is GRANTED. The Clerk of Court is respectfully requested to terminate Dkts. 16 and 29, to remand the case to New York State Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(e), and to close this action.

SO ORDERED.

Dated: October 26, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge